UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB 1 3 2012

PER _____
DEPUTY CLERK

HERBERT MORRIS,

    Petitioner,

v.

THOMAS DECKER, ET AL.,

    Respondents.

CIVIL NO. 3:12-cv-15

(Judge Nealon)

## MEMORANDUM

**Background**

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Herbert Morris, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, York, Pennsylvania. By Order dated January 18, 2012, service of the petition was ordered.

    Petitioner indicates that he is a native and citizen of Grenada who entered the United States on June 8, 1978 as an immigrant. Morris has acknowledged that he was convicted of drug related offenses and indecent assault during three (3) separate proceedings in the Lackawanna County Court of Common Pleas. He has also admitted to having multiple prior criminal convictions (including drug offenses) in the State of New York.

    ICE subsequently initiated removal proceedings against Morris which resulted in the Petitioner being taken into ICE custody on November 27, 2009. The pending petition acknowledges that an administrative order of removal became final in Morris' case on April 30, 2011.

    Morris claims entitlement to federal habeas corpus relief on the ground that his

ongoing mandatory detention by ICE is unconstitutional due to its prolonged duration. As relief, he seeks his immediate release from ICE custody subject to reasonable conditions and terms.

On February 7, 2012, Respondents filed a "Notice of Removal" stating that "on February 6, 2012, Morris' removal from the United States was executed and he was returned to his native country of Grenada." (Doc. 9, p. 1). Consequently, Respondents seek dismissal of the petition on the basis of mootness. Accompanying the Respondents' submission is a declaration under penalty of perjury by ICE Deputy Chief Counsel John Ellington which provides in relevant part that officials at the York County Prison confirmed that Petitioner was removed to Grenada as scheduled on February 6, 2012. See (Doc. 9-1).

**Discussion**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if

unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see also</u> <u>Gaeta v. Gerlinski</u>, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously discussed, Respondents filed a Notice of Removal stating that Petitioner was removed to Grenada on February 6, 2012. Since Morris was recently deported, under the principles set forth in <u>Steffel</u>, his challenge to detention pending completion of his removal proceedings is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate order will enter.

_/s/ William Nealon_
**United States District Judge**

**DATED**: FEBRUARY 13, 2012